UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-1734**

———————————


PAUL ALFRED BIEN-AIME,

                                          Petitioner,

        versus

JOHN ASHCROFT, Attorney General of the United
States,

                                          Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-400-017)

———————————

Submitted:  January 19, 2005        Decided:  February 9, 2005

———————————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Scott H. Christensen, HUGHES HUBBARD & REED, L.L.P., Washington,
D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney
General, Donald E. Keener, Appellate Deputy, Greg D. Mack, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Alfred Bien-Aimé, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals's (Board) order denying him asylum and withholding of removal.

We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).  We have reviewed the administrative record, the immigration judge's decision, and the Board's order and find substantial evidence supports the conclusion that Bien-Aimé failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum.  See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Next, we uphold the Board's denial of Bien-Aimé's application for withholding of removal.  The standard for withholding or removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999).  An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).  As Bien-Aimé failed to establish refugee status, he cannot satisfy the higher standard necessary for withholding.

Accordingly, we deny Bien-Aimé's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED